# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

CLEORA LACEY,

        Plaintiff,

v.                                CIVIL ACTION NO. 2:09-CV-00741

ACTAVIS TOTOWA, LLC et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendants' motion for sanctions [Dckt. 19]. A timely response was filed.

The defendants moved for sanctions up to and including dismissal of the complaint in this civil action asserting that such action was warranted under Federal Rule of Civil Procedure 11 because the factual contention in the complaint that Digitek caused the plaintiff's injury has no evidentiary support. The defendants asserted that although plaintiff's counsel alleged they possessed a portion of plaintiff's medical records at the time of filing of the complaint, "[n]one of the medical records provided to Defendants show that Ms. Lacey ever had an elevated digoxin level or that she suffered any injuries caused by digoxin or digoxin toxicity." (Memo. in Suppt. at 2). They specifically noted in support of their motion that "[e]ven as of the filing of this motion, no available records show that Ms. Lacey experienced any elevated serum digoxin level or was ever diagnosed with digoxin toxicity."

Plaintiff's response to the motion for sanctions asserts in pertinent part that:

> First, Cleora Lacey took the recalled double dose of Digitek for nearly three years, as demonstrated by the corresponding lot numbers on the pharmacy records of Cleora Lacey and the lot recall list. This point is not disputed by Defendants in their Motion for Sanctions.
> ...
> Additionally, during the time Ms. Lacey took double dose pills she suffered an exacerbation of her congestive heart failure, pulmonary edema, tachycardia, and an irregular heart beat.... Ms. Lacey also suffered from dizziness and lightheadedness that caused her to fall and sustain a rib fracture.... These injuries suffered by Ms. Lacey are <u>all known side effects of digoxin toxicity</u>. Thus, the combination of the presence of these known side effects leading up to the injuries alleged and her consumption of the recalled, double-dosed pills warrants this case against the Defendants.
> ...

(Memo in Resp. at 2). All of this information was relayed to the defendants in writing during the safe harbor period after receipt of defendants' proposed Rule 11 motion for sanctions.

Lastly, the plaintiff attached to her response an affidavit from Joshua Furman, M.D.. Dr. Furman attests that the plaintiff's "overall medical condition deteriorated and that she suffered exacerbations of her [medical conditions], all of which were likely related to long term use of an excessive and inappropriate dosage of digoxin ." (Aff. at 2). He further attests that it is his opinion "within a reasonable degree of medical probability that Ms. Lacey suffered from digoxin toxicity, and as a result, such toxicity likely contributed to or caused the following injuries: an exacerbation of congestive heart failure, pulmonary edema, tachycardia, irregular heartbeat, hypoxia, dizziness, lightheadedness and a rib fracture due to a fall." *Id*. The defendants have not filed a reply.

Based on the foregoing, I find that the plaintiff in this case has produced the exact type of evidentiary support contemplated by the defendants to avoid their filing of a Rule 11 sanctions motion. Since the defendants have already filed such a motion in the instant case and have chosen

not to withdraw it, I hereby **DENY** the motion**.** I do so without reaching a substantive discussion on the necessity for this type of evidentiary support to defend a Rule 11 sanction motion in the context of this MDL.

    The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                  ENTER:        March 5, 2010

*[signature]*
Joseph R. Goodwin, Chief Judge